

PJI
ALBANY
NEW YORK

ATLANTIC CITY
NEW JERSEY

BALTIMORE
MARYLAND

BILOXI
MISSISSIPPI

BOSTON
MASSACHUSETTS

CHICAGO
ILLINOIS

CINCINNATI
OHIO

COEUR D'ALENE
IDAHO

COLUMBUS
OHIO

DENVER
COLORADO

DETROIT
MICHIGAN

GALVESTON
TEXAS

HONOLULU
HAWAII

HOUSTON
TEXAS

MIAMI
FLORIDA

MILWAUKEE
WISCONSIN

NASHVILLE
TENNESSEE

NEW YORK
NEW YORK

PHILADELPHIA
PENNSYLVANIA

RENO
NEVADA

SACRAMENTO
CALIFORNIA

SALEM
OREGON

SAN FRANCISCO
CALIFORNIA

SANTA ANA
CALIFORNIA

SEATTLE
WASHINGTON

TRI CITIES
WASHINGTON

TUCSON
ARIZONA

WINSTON-SALEM
NORTH CAROLINA

August 30, 2023

**Via Efile on ECF and Email: Torres_NYSDChambers@nysd.uscourts.gov**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   ***Bonilla v. City of New York, et al.* - Civil Action No.: 1:22-**

[USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 9/5/2023]

Respectfully Honorable Torres:

Please be advised that Pacific Justice Institute represents the Plaintiff in the above-referenced action. A meet and confer occurred between Atty. Bonaparte for the Defendants and Atty. Forbes for the Plaintiff on Aug. 24, 2023 at 4:15pmEST via telephone to address several outstanding discovery issues. The parties jointly request that the Court schedule a Conference in the immediate future to address the discovery disputes outlined below.

## Plaintiff's Position:

Plaintiff respectfully requests this Court schedule a Conference in the immediate future to address Defendants' refusal to:

(i)   provide adequate responses to Plaintiff's demand for interrogatories dated May 1, 2023, by which Defendants have failed to comply with Federal Rule of Civil Procedure ("FRCP") 33(b); and

(ii)  produce witnesses for depositions in response to notices that were served on May 16, 2023, by which Defendants have failed to comply with FRCP 30(a).

A motion to dismiss the Third Amended Complaint filed by Defendants is currently pending before this Court. However, the Court ordered the parties to complete discovery notwithstanding the pending motion to dismiss. Pursuant to the Amended Civil Case Management Plan and Scheduling Order ("Court Order") that Your Honor signed on July 20, 2023, the parties were allotted additional time for the completion of discovery. To that end, depositions were to be completed by Aug. 24, 2023. On May 16, 2023, deposition notices were timely served by Plaintiff on Defendants, in compliance with FRCP 30(b)(1). On Aug. 15, 2023, Plaintiff sent a written status update request to Defendants regarding Plaintiff's outstanding discovery requests from July 17, 2023; this status request included the dates by which Defendants needed to produce witnesses for depositions. The written status update request also reminded Defendants that depositions were to be completed by Aug. 24, 2023, pursuant to the Court Order.

On Aug. 15, 2023, Defendants replied to Plaintiff with a request to "push depositions back by 8 days". Plaintiff, to accommodate Defendants, agreed to stipulate to the additional time, but Plaintiff advised Defendants that the depositions would need to occur on Sept. 5, 2023 and/or Sept. 6, 2023 in order to comply with the Court Order. More specifically, by

_____
*www.PJI.org*

conducting depositions on these dates, the parties could still complete fact discovery by Sept. 7, 2023, which would accommodate Defendants while preserving the parties' compliance with the Court Order.

However, in an effort to lessen the amount of depositions that would need to occur during Sept., 2023, Plaintiff requested that Defendants stipulate pursuant to F.R.C.P. 29 to respond to Plaintiff's Request for Admissions ("RFAS") not later than Aug. 25, 2023. Thereafter, Plaintiff would notify Defendants what depositions still needed to occur during the beginning of Sept. 2023. On Aug. 16, 2023, Defendants confirmed to Plaintiff that they would provide a timely response to Plaintiff's RFAS; Defendants also confirmed availability for depositions on Sept. 5, 2023 and/or Sept. 6, 2023. On Aug. 17, 2023, Plaintiff proceeded to timely serve the RFAS on Defendants, in compliance with the Court Order. On Aug. 23, 2023, Defendants failed to provide responses to the RFAS. Instead, on Aug. 23, 2023, Defendants provided only boilerplate objections to the RFAS under the guise that the RFAS was generally "overly burdensome and largely irrelevant." Plaintiff strongly disagrees with Defendants' characterization of Plaintiff's RFAS. As propounded, the RFAS seek specific information directly pertaining to the allegations within the Third Amended Complaint. On Aug. 23, 2023, despite Plaintiff's disagreement with and objection to Defendants' boilerplate objections, Plaintiff again continued her good faith effort to accommodate and resolve discovery disputes with Defendants. Plaintiff agreed to significantly lessen the amount of Plaintiff's RFAS. However, the Court Order has set Sept. 7, 2023 as the deadline for the completion of fact discovery.

On Aug. 23, 2023, in light of this impending deadline and without a response to the RFAS, Plaintiff immediately requested Defendants' confirmation of deposition dates for the first full week of September of 2023, including when Defendants' witnesses would be produced for depositions. On Aug. 23, 2023, in response to Plaintiff's deposition confirmation request, Defendants lodged an entirely new objection to Plaintiff's depositions in the letter attached hereto as Exhibit A. Given the preceding and lengthy sequence of communications, conformations, and stipulations exchanged between Plaintiff and Defendants, and given that Plaintiff had timely served deposition notices on Defendants over three months earlier on May 16, 2023, Defendants' letter offers no credible justification for its last-minute objections to, and inability to comply with, the requirements of the FRCP and the Court Order.

If Defendants had a good faith objection(s) to the deposition notices, those objections should have been previously raised in the intervening three months, not the day before the Aug. 24, 2023 discovery deadline, per the Court Order. Because they were not, any purported objections to conducting the long-ago requested depositions have been waived by Defendants. Defendants were not unaware of the impending Aug. 23, 2023 deadline. To the contrary, Defendants expressly reached out to Plaintiff to request an eight-day extension of the Court Order's deadline; this deadline included within the Court Order for depositions to be conducted. Requesting an extension, which Plaintiff agreed to in good faith, only to have Defendants decline to respond to the RFAS and conjure up previously undeclared objections to depositions notices dating back to May 16, 2023. Entertaining, let alone granting, such objections is highly prejudicial to Plaintiff. If there were any legitimate objection(s) to

2

Plaintiff's notices for depositions, this should have been raised long ago and certainly not before the cut-off date per the Court Order.

Defendants' discovery responses are deficient in two other material areas as well. First, Plaintiff requested supplemental responses from Defendants to Plaintiff's Demand for Interrogatories dated May 1, 2023. Defendants' responses to Plaintiff's interrogatories nos. 1-3 and 8, dated July 17, 2023, were inadequate if not simply unresponsive. The particular demands for interrogatories related to information pertaining to individuals who, like Plaintiff, requested a religious exemption from compliance with the mandatory COVID-19 vaccination order applicable to individuals who worked in-person at NYC public schools. However, unlike Plaintiff, the individuals who requested religious exemptions from mandatory COVID-19 vaccination were granted. Also, a request was made for information pertaining to the separate mandatory COVID-19 vaccination order that applies to individuals working in nonpublic schools within New York City. Upon information and belief, masking and testing were allowed as reasonable accommodations for individuals who, like Plaintiff, could not receive any COVID-19 vaccine(s) due to sincerely held religious beliefs. As alleged within the Third Amended Complaint, strict scrutiny should apply to the mandatory COVID-19 vaccination order due to the carveouts for bus drivers and visitors and also based on the individual assessments associated with the Citywide Review Board's appeals process which applied to individuals, like Plaintiff, who made a request for a religious exemption from mandatory COVID-19 vaccination which was denied by the NYC Dept. of Educ. On July 17, 2023, Plaintiff requested that Defendants provide supplemental responses – <u>without disclosing any personal identifiable information pertaining to any other individuals</u>. However, as indicated in the attached letter received from Defendants dated Aug. 23, 2023, Defendants refuse to provide the information (Exh. A) and thus refuse to comply with FRCP 33(b).

Additionally, Plaintiff has made multiple, written requests for Defendants to produce a missing exhibit from the deposition transcript of Eric Eichenholtz which was produced by Defendants subsequent to the notice of depositions served on Defendants on May 16, 2023 and the failure to produce contravenes FRCP 30(b)(5)(c). However, during the meet and confer, Defendants indicated that a response would be forthcoming at a later time. Given all the protracted delays, Plaintiff requests that the Court Order Defendant to respond to the simple request as to whether the document attached herewith as Exh. B, is the document which represents the missing exhibit from Attorney Eichenholtz' deposition transcript. Of significance, the exhibit appears to support the allegations of the Third Amended Complaint pertaining to the questionable review process undertaken by the Citywide Review Panel. In this respect, Plaintiff's strongly held religious beliefs against abortion was one of the bases for which she could not receive any COVID-19 vaccine(s). Upon information and belief, Exh. B appears to reference the Review Panel's position that requests for religious exemptions based on an objection to fetal cells would not be considered as a valid basis for a religious exemption.

Plaintiff has agreed to numerous accommodation requests of Defendants, including an extension of time for the completion of discovery. However, it is entirely clear that, but for Your Honor's intervention, Plaintiff will not be able to complete the remaining and necessary

3

discovery within the timeframe as indicated in the Court Order. As such, a Conference is requested with Your Honor to address the foregoing.

**Defendants' Position:**

The Constitutionality of the Board of Health's ("BOH") Vaccination Order on Department of Education ("DOE") employees has been firmly resolved since the last two years by the Second Circuit: "The Vaccine Mandate, in all its iterations, is neutral and generally applicable. Kane v. De Blasio, 19 F.4th 152, 164 (2d Cir. Nov. 28 2021).

Despite this ruling, Plaintiff, a special education teacher with the DOE, brought this action on imaginative but dubious grounds to further assail its overall constitutionality (for neutrality and general applicability) based on the allegedly dissimilar procedures and enforcement between bus drivers vs. teacher and public schools vs. non-public schools.

Plaintiff amended the Complaint, thrice, since filing – including twice after an exchange of pre-motion letters and Defendants' initial submission of their motion to dismiss. Consequently, Plaintiff has swelled her claims from three federal and state constitutional causes of action to a total of eleven federal and state constitutional claims mixed with various state and local statutory grounds.

Discovery is proceeding while Defendants' motion to dismiss the Third Amended Complaint ("TAC") is pending. Plaintiff initially served combined demands on or around May 1, 2023, which included about 195 document demands on Defendants. Plaintiff also served four notices of depositions for a 30(b)(6) witness on or around May 16, 2023.

Since then, Defendants have been working with Plaintiff in good faith to narrow the scope of her request for 30(b)(6) witnesses. On or around May 30, 2023, Defendants provided to Plaintiff extensive testimony from a previous 30(b)(6) witness in a related challenge as we worked to provide documents and answers responsive to their voluminous combined demands.

Defendants provided initial responses to Plaintiff's combined demands on or around July 14, 2023. The following week, the parties jointly moved the Court to adjust the Case Management Plan ("CMP") as Defendants worked through remaining discovery items. The adjusted dates involved the completion of depositions by August 24, 2023, and the completion of fact discovery by September 7, 2023 (with depositions modifiable with joint consent before the completion of fact discovery).

Following Defendants' production, Plaintiff continued to request that Defendants produce 30(b)(6) witnesses for depositions. The subject matter of these witnesses were clearly intended to attack the neutrality and general applicability of the BOH Order, yet the topics were facially

4

unusual and required further investigation by the agency.[1] Defendants nonetheless endeavored to work with Plaintiff on her requests.

As the date to complete depositions neared, Defendants conferred internally and with the client agency regarding the nature of the deposition requests. After much deliberation and research of case authority, Defendants ultimately determined that the requested witnesses were improper as propounded. Defendants communicated the same to Plaintiff on August 23, 2023. In a follow-up telephone conversation on or around the next day, Defendants communicated to Plaintiff that we were more than willing to consent to an adjournment of the CMP in order to resolve the last few discovery items, including Plaintiff's interrogatory demands, given nearing deadlines. However, Court intervention will be necessary to determine the propriety of the remaining items.

Thanks for your consideration in connection with the foregoing request.

Respectfully Submitted,

_____
April Forbes, Esquire (AF0833)
PACIFIC JUSTICE INSTITUTE, INC.
Attorneys for Plaintiff
350 Northern Boulevard
Suite 324, Box 1061
Albany, New York 12204-1000

cc with enclosures:
Ernst Bonaparte, Esquire
Assistant Corporation Counsel
Labor & Employment Law Division
New York City Law Department

Emily Mimnaugh, Esquire
Pacific Justice Institute

**SO ORDERED:**

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE    9/5/2023

> The Court will discuss these discovery disputes at a case management conference. Fact discovery shall continue until that conference.
>
> A telephonic case management conference is scheduled on **September 13, 2023 at 12:30 p.m.** Counsel for the parties are directed to call Judge Parker's Chambers court conference line at the scheduled time. **Please dial (866) 434-5269, Access code: 4858267.**

---

[1] Contributing in large part to the delay was a tedious effort by the client agency to determine whether school bus drivers, who are not even DOE employees, were subject to the BOH Order so that we could form an informed response to Plaintiff's 30(b)(6) witness request.